UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CHARLES NOONAN, | ) | Civil Action No.: 4:06-3448-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| STOCK BUILDING SUPPLY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**I.     FACTUAL AND PROCEDURAL HISTORY**

This is an employment discrimination case pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.[1] Presently pending before the Court is Defendant's Motion to Dismiss (Document # 5).

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the South Carolina Human Affairs Commission (SHAC) on February 27, 2006, alleging that Defendant discriminated against him in violation of the ADA. Ex. A to Defendant's Motion. The EEOC issued its Right to Sue letter on June 14, 2006. Ex. B to Defendant's Motion. Plaintiff filed his Complaint in the Court of Common Pleas for Florence County on September 18, 2006. Defendant thereafter removed the case to this Court. In his Complaint, Plaintiff alleges that he received his Right to Sue notice from the EEOC "on or after June 17, 2006." Complaint, ¶ 6.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

On December 13, 2006, Defendant filed a Motion to Dismiss (Document # 5). The deadline for Plaintiff to file a response to Defendant's Motion was January 2, 2007. On April 3, 2007, the undersigned entered an Order (Document # 6) directing Plaintiff to file a response within five days. The order specifically provided, "[i]f there is no response within five (5) days of the date of this Order, it will be recommended that this case be dismissed for failure to prosecute." More than five days have passed since the filing of that Order and Plaintiff has failed to file a response to Defendant's Motion.

## II.     DISCUSSION

### A.     Motion to Dismiss

Defendant brings its Motion to Dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the factual allegations in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir. 1993). A statute of limitations defense is properly brought pursuant to Rule 12(b)(6) if the time bar is apparent from the face of the complaint. Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir.2005).

An ADA claimant has 90 days after the EEOC's issuance of a Right-to-Sue letter to file suit. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(1). The EEOC issued its Right-to-Sue letter on June 14, 2006, and Plaintiff alleges in his Complaint that he received the letter on or after June 17, 2006. As noted above, Plaintiff's Complaint was filed on September 18, 2006, which is 93 days after

Plaintiff received the Right-to-Sue letter.[2] As such, Plaintiff's Complaint was untimely and should be dismissed with prejudice.

  B. Rule 41(b) Dismissal

This action should also be dismissed pursuant to Rule 41(b), Fed.R.Civ.P. A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990); Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

  (1) the degree of plaintiff's responsibility in failing to respond;

  (2) the amount of prejudice to the defendant;

  (3) the history of the plaintiff in proceeding in a dilatory manner; and,

  (4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In light of the above factors, and Plaintiff's failure to respond to Defendant's Motion to Dismiss or comply with this Court's Order of April 3, 2007, the undersigned concludes Plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, this action should be dismissed pursuant to Rule 41(b), Fed.R.Civ.P.

---

[2] Even if Plaintiff did not receive the Right-to-Sue letter on April 17, 2006, when the actual date of receipt is unknown, the law presumes that it was received three days after the document was mailed. See Rule 6(e), Fed.R.Civ.P.; Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 n.1 (1984); Nguyen v. Inova Alexandria Hosp., No. 98-2215, 1999 WL 556446, at *3 (4th Cir. July 30, 1999); Taylor v. Potter, 355 F.Supp.2d 817, 819 (M.D.N.C. 2005); Scoggins v. Hillcrest Foods, Inc., 339 F.Supp.2d 702, 705 (M.D.N.C. 2004). Accordingly, this Court presumes that Plaintiff received the Right-to-Sue letter on April 17, 2006, three days after it was mailed.

**III.     CONCLUSION**

For the reasons set forth above, it is recommended that Defendant's Motion to Dismiss (Document # 5) be granted and this case be dismissed as untimely and for failure to prosecute.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 23, 2007
Florence, South Carolina

**The parties' attention is directed to the important notice contained of the following page.**